1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION, a Washington
corporation,

            Plaintiff,

  v.

TSUNAMI TRADING INC., and GORDON
SNOW,

            Defendants.
_____/

No. C 06-06718 WHA

**ORDER GRANTING MOTION
FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT
INJUNCTION**

**INTRODUCTION**

In this action for trademark and copyright infringement, plaintiff Microsoft Corporation moves for default judgment against defendants Tsunami Trading, Inc., and Gordon Snow. Plaintiff seeks a permanent injunction, attorney's fees in the amount of $2000 and statutory damages in the amount of $3,050,000 against defendants. Plaintiff's motion for default judgment is **GRANTED**. The motion for permanent injunction is **GRANTED** pursuant to the accompanying order. Plaintiff is awarded $2000 in attorney's fees and costs and $12,500 in statutory damages.

**STATEMENT**

Plaintiff develops, sells and licenses computer software programs recorded on CD-ROMs for use and installation on computers (Compl. ¶ 8). These programs include Microsoft Office 2003 Professional, among others. The programs are packaged with other

United States District Court

For the Northern District of California

1  materials such as user's guides, manuals, and end-user license agreements (*id.* at ¶¶ 8–9).

2  Plaintiff holds valid copyright registrations on its software programs with the United States

3  Copyright Office (*id.* at ¶ 9).  Plaintiff has also registered several trademarks and a service mark

4  with the United States Patent and Trademark Office (*id.* at ¶¶ 10–11).

5      Defendants have advertised and distributed counterfeit copies of Microsoft's software

6  on the internet auction site pricegrabber.com (*id.* at ¶ 13).  Upon learning of defendants'

7  activities, plaintiff sent warning that the software was likely counterfeit and that defendants'

8  actions were illegal by posting takedown notices with the auction website (*id.* at ¶ 14; Sanders

9  Decl. Exh. A).  Some time around May 31, 2006, defendants distributed three allegedly

10 counterfeit copies of the Microsoft Office 2003 to investigators working for plaintiff (Compl. ¶

11 15).  The investigators analyzed the products and determined that they were counterfeit.

12      Plaintiff filed the complaint against defendant on October 27, 2006.  Defendant Gordon

13 Snow was served on October 29, 2006, and defendant Tsunami Trading was served on October

14 31, 2006.  The complaint alleges claims of copyright infringement, trademark infringement

15 under the Lanham Act, false designation of origin, constructive trust on illegal profits and

16 accounting.  Defendants never appeared or otherwise responded to the complaint.  On January

17 19, 2007, default was entered against defendants.  In addition to a permanent injunction against

18 further infringing activities, Microsoft seeks $2000 in attorney's fees and $3,050,000 in

19 statutory damages against defendants.

20 **ANALYSIS**

21      Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default.

22 "The district court's decision whether to enter a default judgment is a discretionary one."

23 *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The following factors are considered:

24          (1) the possibility of prejudice to plaintiff, (2) the merits of
            plaintiff's substantive claim, (3) the sufficiency of the complaint,
25          (4) the sum of money at stake in the action, (5) the possibility of a
            dispute concerning the material facts, (6) whether the default was
26          due to excusable neglect, and (7) the strong policy underlying the
            Federal Rules of Civil Procedure favoring decisions on the merits.
27

28 *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

2

For the following reasons, these factors favor entry of default judgment against defendants Tsunami Trading and Gordon Snow.

**1.    MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered together. Although the complaint alleged claims for constructive trust and accounting, plaintiff's motion for default judgment addresses only its claims for copyright infringement, trademark infringement and false designation of origin.

**A.    Copyright Infringement.**

Microsoft alleges that Snow and Tsunami Trading infringed seven of its copyrights contained in its software products. For purposes of this motion, plaintiff seems to proceed under theories of contributory infringement and vicarious liability. "One, who with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (citing *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). A defendant is vicariously liable for infringement if he or she had the right and ability to supervise infringing activity coupled with a direct financial interest in infringing activities. *Id.* at 262.

Here, Microsoft alleges that defendants marketed, sold and distributed counterfeit copies of its software. Plaintiff also alleges that defendants directly participated in the infringing conduct by offering to sell the software, and that Snow also had the right and ability to supervise and control wrongful conduct. Finally, Microsoft alleges that defendants derived financial benefit from infringing activities. Thus, Microsoft has stated a claim for copyright infringement.

**B.    Trademark Infringement Under 15 U.S.C. 1114.**

Microsoft claims that Snow and Tsunami Trading infringed two of its trademarks. To prove trademark infringement under 15 U.S.C. 1114, plaintiff must show (1) that its marks are

United States District Court

For the Northern District of California

1  valid and protectable trademarks; (2) that plaintiff owns the trademarks; (3) that plaintiffs used

2  its marks in interstate commerce; (4) that defendants used in commerce a reproduction or a copy

3  of a registered trademark in connection with the advertising or sale of goods; and (5) that such

4  use is likely to cause confusion, mistake or to deceive consumers.

5        Microsoft alleges that its marks are valid and protectable trademarks registered with the

6  United States Patent and Trademark Office.  It also alleges that it owns them.  Defendants used

7  the marks in interstate commerce by advertising and selling products on an internet auction

8  website.  The counterfeit software defendants sold bore copies of Microsoft's marks.  Finally,

9  plaintiff alleges that the use of its marks is likely to cause confusion as to the product's origin,

10  and that consumers would believe the software to be a genuine Microsoft product.  Thus,

11  plaintiff has adequately stated a plausible claim for trademark infringement.

12         **C.**      **False Designation of Origin Under 15 U.S.C. 1125(a).**

13        Plaintiff also alleges a claim for false designation of origin under 15 U.S.C. 1125(a)

14  against defendants.  Plaintiff must show that defendant used in commerce:

15          any word, term, name, symbol, or device, or any combination
        thereof, or any false designation of origin, false or misleading

16          description of fact, or false or misleading misrepresentation of
        fact, which is likely to cause confusion, or to cause mistake, or to

17          deceive as to the affiliation, connection, or association of such
        person with another person, or as to the origin, sponsorship, or

18          approval of his goods by such person.

19  15 U.S.C. 1125(a)(1).  The analysis for false designation of origin is similar to the analysis for a

20  claim of trademark infringement under 15 U.S.C. 1114.  *Brookfield Commc'ns, Inc. v. West*

21  *Coast Entm't Corp.*, 174 F.3d 1046–47 (9th Cir. 1999).  Here, Microsoft has alleged that

22  defendants' distributing counterfeit copies of its software created a likelihood that consumers

23  would believe that the products were genuine products coming from Microsoft, when in fact

24  they were not.  Accordingly, plaintiff has adequately pleaded a claim for false designation of

25  origin under 15 U.S.C. 1125(a).

26         **2.**      **REMAINDER OF THE *EITEL* FACTORS.**

27        The remainder of the *Eitel* factors favors entering default judgment for plaintiff.  If this

28  motion is not granted, plaintiff will be left without a remedy or a means to prevent defendants'

continued infringement.  Defendants never answered or otherwise responded to the complaint, so it is unclear whether there would be any dispute over material facts.  Copyright infringement and trademark infringement are both strict liability claims which limits the scope of factual disputes.  In general, the fact that a large sum of money is at stake disfavors default judgment.  *Cf. Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default).  Here, Microsoft asks for a large amount of damages, over three million dollars, in addition to a permanent injunction.  As described below however, the damages are statutory and the amount is left to the Court's discretion.  There is no evidence that defendants' failure to respond was the result of excusable neglect.  Although federal policy does favor a decision on the merits, Rule 55(b) allows the entry of default judgment in situations, such as this, where the defendant has refused to litigate.  On balance, the *Eitel* factors weigh in favor of granting default judgment.

### 3. DETERMINATION OF RELIEF.

Allegations of damages are not deemed true simply because of the defendants' default.  Some proof of the amount is required.  *Geddes v. United Fin. Group*, 559 F.2d, 560 (9th Cir. 1977).  Microsoft seeks a permanent injunction, statutory damages, and attorney's fees.

### A. Permanent Injunction.

Under 17 U.S.C. 502(a), a court may enter an injunction against a defendant to prevent future copyright infringement.  Similarly, injunctive relief is available to prevent future trademark infringement under the Lanham Act.  15 U.S.C. 1116(c); 15 U.S.C. 1125(a).  Plaintiff points out that defendants were warned that the products they sold on the internet auction website were counterfeit, yet defendants continued to sell them anyway.  Furthermore, defendants' refusal to answer or appear in this action makes it difficult for plaintiff to prevent further infringement.  Here, injunctive relief is warranted.  Microsoft's motion for a permanent injunction is **GRANTED** as described in the accompanying order for permanent injunction against Tsunami Trading and Gordon Snow.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

B.      **Statutory Damages.**

Under copyright law, a plaintiff may elect to recover an award of statutory damages at any time before final judgment is rendered.  17 U.S.C. 504(c)(1).  A court, in its discretion, can award not less than $750 but not more than $30,000 per copyright infringed.  Enhanced damages of up to $150,000 per copyright infringed may be granted on a finding of willful infringement.  17 U.S.C. 504(c)(2).  For trademark actions involving the use of a counterfeit mark, a plaintiff may elect to recover statutory damages at any time before final judgment is entered.  15 U.S.C. 1117(c).  In its discretion, a court can award not less than $500 but not more than $100,000 for each counterfeit mark.  A court may also grant enhanced damages of up to $1,000,000 per counterfeit mark on a finding of willful infringement.  Separate awards of statutory damages are allowed under both trademark law and copyright law where the defendant's infringement came from a single act.  *Nintendo of Am., Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994).

Microsoft argues that here, defendants' infringement was willful because defendants continued their infringing conduct even after Microsoft had posted takedown notices on the auction websites.  Willful infringement means "with knowledge that the defendant's conduct constitutes copyright infringement."  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.2 (9th Cir. 1990).  Willfulness can also be inferred from a defendant's failure to defend.  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Microsoft has pleaded that defendants were on notice that the software they sold was likely counterfeit, yet they persisted in their infringing behavior.  Furthermore, Microsoft argues that because defendants have not appeared, Microsoft has not had the opportunity to determine what its damages would actually have been and how much defendants have profited from infringing conduct.  These factors support a finding that infringement was willful.

Plaintiff asks for the maximum enhanced statutory damages for the infringement of each of seven copyrights and two trademarks.  At $150,000 per copyright and $1,000,000 per counterfeit trademark, the tab comes to $3,050,000.  Plaintiff has identified a grand total of three counterfeit units of software that defendants sold.  It is true that Microsoft could not

6

conduct discovery to determine its damages, but that in itself simply does not support levying a statutory damages award in excess of three million dollars. *See Chanel, Inc. v. Doan*, 2007 WL 781976, *5 (N.D. Cal. Mar. 13, 2007) (Walker, J.) (granting plaintiff's request for statutory damages on default judgment where plaintiff's request bore a plausible relationship to the defendant's profits from infringement). Statutory damages are intended to serve as a deterrent, but that does not justify such a windfall. *See Peer Int'l.,* 909 F.2d at 1332.

A court has wide discretion to determine the amount of statutory damages between the statutory maxima and minima. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). In calculating statutory damages, some courts have looked to estimates of actual damages. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 170 (S.D.N.Y. 1999). Here, plaintiff has presented no estimate of how much defendants profited from their infringing activity. Accordingly, the Court thinks it just to award statutory damages in the amount of $1500 per copyright infringed and $1000 per trademark infringed, for a total of $12,500. This is twice the minimum under each statute to reflect the finding of willfulness. These damages, coupled with the permanent injunction granted against defendant, will adequately serve the purpose of deterrence.

### C.    Attorney's Fees and Costs.

For trademark counterfeiting, reasonable attorney's fees and costs are mandated by statute. 17 U.S.C. 1117(b). Courts have discretion in granting attorney's fees and costs in actions for copyright infringement. 15 U.S.C. 505.

Microsoft asks for $2000 in attorney's fees and costs which its counsel declares to be significantly less than the amount of fees and costs incurred in prosecuting this action (Davidson Decl. ¶ 2). Defendants have failed to appear in this action and the amount of attorney's fees and costs asked for by plaintiff seems reasonable under the circumstances. Accordingly, plaintiff will be granted its request for $2000 in costs and attorney's fees.

### CONCLUSION

For all of the above-stated reasons, plaintiff's motion for entry of default judgment is **GRANTED**. Plaintiff's motion for a permanent injunction is also **GRANTED** as stated in the

7

accompanying order.  Plaintiff has the responsibility to serve the injunction order in such a manner to make it operative in contempt proceedings.  Plaintiff is awarded $12,500 in damages and $2000 in costs and attorney's fees.

**IT IS SO ORDERED.**

Dated:  May 24, 2007.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE